Dunkin, Ch.
delivered the opinion of the Court.
The rule in regard to the production of books and papers is discussed by Lord Eldon in the Princess of Wales v. the Earl of Liverpool, and the authorities are reviewed by Chancellor Kent in Watson v. Renwick. It is indispensible that the party should show, or make it appear, that he has an interest in the papers called for, to entitle him to the production of them. The most ordinary case is in suits between partners, or between principal and agent. That in 1 Swanst. was a bill of discovery. The answer must contain an admission that the books, &c., are in possession of the defendant, and they must be so referred to in his answer as to become incorporated into it and become a part of it. This is not a bill of discovery, but to marshall assets and obtain the instructions of the Court. If the complainant seeks any information from the defendants, his bill should be framed with that aspect, and with apt charges, and the discovery should be made with those guards to the protection of which a defendant is entitled.
It is merely stated that they have a claim against the estate. It capnpt be expedient, (a,s was suggested in Watson *157 v. Renwick,) to give to the plaintiff; in the first instance, a sweeping order for the inspection of the books and documents in the possessipu of the defendants, and belonging to their ordinary business transactions, merely to see if the plaintift or the other parties referred to in the order, cannot discover something in them which will afford a ground of defence to the defendants's claim.
It is ordered and decreed that the motion be granted, and that the order requiring the defendants to bring into the Commissioner’s office their books, letters and papers, be rescinded.
Johnston, Ch. and Dargan, Ch. concurred.
Caldwell, Ch. having been of counsel, gave no opinion.

Order rescinded.